Mr. Chief Justice ShaRKey
delivered the opinion of the court.
Suit was brought in 1843, in the name of the Commercial Bank of Columbus, for the use of the Merchants Bank of Mobile, on a promissory note. No plea was interposed but the general issue, on which judgment was recovered. In satisfaction of the execution, the defendants tendered to the sheriff the notes of the Commercial Bank of Columbus in payment, which he refused to receive. The defendants then brought the notes into court, and moved to have satisfaction entered, which motion was improperly sustained.
It is true that the banks of this state are not permitted to *448 assign their negotiable securities; and it is also true that they are bound to receive their own notes in payment of all debts due them. Rut suppose they do transfer their notes, how does the maker avoid the transfer and still retain his right to pay in the notes of the bank 1 By plea in abatement, on which the action abates, so that the bank without his consent cannot defeat his right to pay in its own notes. Planters Bank v. Thomas Sharp, 4 S. & M. 17; Trigg v. Lanier, 6 S. & M. 641. The act prohibiting the assignment of notes, was intended for the benefit of the makers of the notes, and they may waive their right to insist upon it if they will. By failing to plead in abatement to a suit brought in the name of an assignee, the assignment is ratified. The statute points out the mode of making the objection, and declares that when made the action shall abate. But if the party fail so to plead, and permits the assignee to recover a judgment, it is then too late to insist upon a right which has been waived. The judgment,fixes the rights of the parties. The usee, being the real plaintiff, is not bound to submit to a payment in bank notes.
The judgment must be reversed.